MUMFORD v. WRIGHT ET AL.

ACTION on a promissory note, dated the 25th of April, 1785. Plea,— That at the time of executing said note, the plaintiff was, and ever since hath been, an inhabitant of Newport, in the state of Rhode Island, and subject to the laws of said state; and said note was payable to the plaintiff in said Newport:  And that the general assembly of said state, at their sessions in May, 1786, passed a certain statute

Mumford v. Wright et al.

law (which law is recited at large in the plea) enacting, that the paper bills of said state should be a good and lawful tender, for the complete payment and final discharge of all debts, dues, or contracts, or that should after become due or contracted, of every kind and nature, within said state; and that if any creditor, or creditors, their lawful agent or attorney, should refuse to receive any of said bills, in discharge of any debt or demand, in that case, the debtor might make application to a justice of the Superior Court, or Court of Common Pleas, in the county where said debtor lives or resides, etc. prescribing the mode of proceeding:—And that the defendants did tender said bills, in pursuance of said law, and in manner and form there directed; by means whereof they were exonerated and discharged from said note, etc.

Replication.— Reciting an explanatory act of the assembly of the state of Rhode Island, confining the benefits of the first act to citizens of that state; to which there was a demurrer — and judgment for the plaintiff.

By the COURT. (SHERMAN, J., absent.) How far an *ex post facto* law can operate, to impair contracts; or how far we are bound to regard statutes of another jurisdiction, which we may apprehend to be unjust, is not necessary in this case to determine: For the defendants do not come within the statute relied upon, not being, at the time of the tender, citizens of, or resident in the state of Rhode Island; to persons of which description only the benefits of the act extend.